**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALOMON MONARREZ PENA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-304

Agency No.
A201-596-418

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Salomon Monarrez Pena, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted the parties' joint motion to submit this case on the briefs [Dkt. 28].

removal.[1] Because the BIA affirmed the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), "we review the IJ's decision as the agency's final action." *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir. 2005). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.      As to the denial of asylum and withholding of removal, we review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Substantial evidence supports the agency's determination that Monarrez Pena was not eligible for either form of relief because he did not "prove a causal nexus between" his past or feared harm and a statutorily protected ground. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). The record supports the IJ's finding that Monarrez Pena was the victim of a random shooting and that his neighbor murdered his brother because of a personal dispute over cattle. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that acts by "criminals motivated by theft or random violence" lack nexus to a protected ground); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (holding that personal retribution alone does not satisfy the nexus requirement). To the extent that Monarrez Pena now claims that he fears future harm as a member of a particular

---

[1] Monarrez Pena has not challenged the denial of CAT relief in his opening brief. Therefore, he has abandoned the claim. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015).

social group of "people perceived to be gang members based on their facial tattoos," that claim is unexhausted. *See Umana-Escobar*, 69 F.4th at 550.

2.      The agency determined that Monarrez Pena was not eligible for cancellation of removal because he did not establish that his removal "would result in exceptional and extremely unusual hardship to" his U.S. citizen mother or daughter under 8 U.S.C. § 1229b(b)(1)(D). "Because this mixed question is primarily factual, [our] review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). The agency's findings of fact underlying this determination—"[f]or instance, an IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides"—are unreviewable. *Id.*

The agency appropriately "consider[ed] the ages, health, and circumstances" of Monarrez Pena's daughter and mother. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001). The agency found that his daughter had no compelling medical or educational needs and that her mother, the custodial parent, would continue to provide her care. The agency further considered the age and health concerns of Monarrez Pena's mother, but found she has a large support system with multiple family members who assist her. While recognizing the emotional impact Monarrez Pena's removal would have on his daughter and mother, the agency reasonably determined that Monarrez Pena had not shown they would

suffer hardship rising to the level of "exceptional and extremely unusual," 8 U.S.C. § 1229b(b)(1)(D).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.